[No. 22334. Department Two. September 2, 1930.]

PUGET SOUND POWER & LIGHT COMPANY, *Respondent*, v. DEXTER HORTON ESTATE, *Appellant*.[1]

*Peters, Powell, Evans & McLaren,* for appellant.

*James B. Howe, Edgar L. Crider, Emory E. Hess,* and *Howe & Graham,* for respondent.

[1]Reported in 290 Pac. 705.

FRENCH, J.—This action was commenced to recover the purchase price of electrical power sold by the Puget Sound Power & Light Company to the Dexter Horton Estate, and delivered between December 25, 1925, and January 25, 1928. From a judgment allowing recovery as prayed for, this appeal is prosecuted.

The facts as disclosed by the record show that, October 1, 1923, respondent and appellant entered into a written contract whereby respondent was to have the exclusive right to furnish all electrical power required in the operation of a certain building, belonging to the appellant and known as "The Dexter Horton Building," in the city of Seattle; the contract covering a period of more than thirty years, and, by its terms, the delivery was to commence about November 1, 1923, and the contract would expire May 1, 1955. There is no dispute between the parties as to the amount of electricity sold and delivered, there being but two questions raised by appellant: First, appellant claims to have paid in full all amounts due for electricity received; second, appellant claims that the contract in question is void.

At the outset, we are confronted with this situation: The amount of electricity furnished between the dates alleged in the complaint not being in dispute, if the contract entered into between these parties is not a valid contract, then appellant is obligated to pay for such electric energy thus furnished and used, at the schedule of rates as shown by the tariff on file with the department of public works during the time such electricity was thus furnished and used, and a mathematical calculation easily demonstrates that, for the amount of electric energy then furnished and used, if figured at the schedule of rates on file, respondent was entitled to recover at least all that was allowed in this case.

Touching the second question in the case, it being remembered that this is simply a suit to collect for electric energy sold and delivered, it is not necessary to determine the validity of the contract unless such contract, by its express terms, provided for lower rates than that charged. The provision of the contract which it is claimed provided for a lower rate than that charged is as follows:

"In consideration of the combining of all classes of service the minimum charge is to be $300 per month.

"If the company, during the continuance of this contract shall publish, file and put into effect a schedule of rates for electric service for any of the classes of service herein specified under similar conditions lower than the rates above stated, the purchaser shall have the benefit of the reduced rates or schedules during the unexpired period of this contract.

"In consideration of the length of the term of this contract an additional discount of ten per cent (10%) shall be allowed from the above rates."

The contract in question in this case was entered into, as has been heretofore stated, October 1, 1923, and it was contemplated that the date of connection should be November 1, 1923, although, as a matter of fact, the furnishing of electricity commenced on October 31, 1923. Shortly thereafter, or in November, 1923, a new tariff was filed with the department of public works, providing that, on all contracts where the customer agreed to use the company's service exclusively for a period of not less than twenty-five years, he should receive a discount of ten per cent from all bills rendered under the schedules just set out. Thereafter a new tariff was filed, effective January 14, 1925, providing, not for a decrease in rates, but providing that:

". . . customers signing contracts to use the company's electric service exclusively under this schedule for a period of not less than ten years shall receive a discount of ten per cent on all bills."

And it is claimed that this is a violation of that portion of the contract last above quoted, providing that, if the company, during the continuance of this contract, shall publish, file and put into effect a schedule of rates for electrical energy for any of the classes of service herein specified under similar conditions lower than the rates above stated, the purchaser shall have the benefit of the reduced rates or schedules during the unexpired period of this contract.

But no tariff schedule has ever been filed providing for a lower rate than that provided for in appellant's contract. True, the tariff of 1925, above referred to, permits other customers to obtain the same low rate that has been, by the terms of the contract, granted to appellant, by entering into a ten-year contract instead of a twenty-five-year contract, as required by the 1923 tariff. But, as far as this record goes, no customer of respondent has ever been permitted to purchase electric power at a lower price than the appellant is being charged; and, conceding that appellant may have cause for complaint because of the fact that the same favorable rates are now granted to the customer who enters into a ten-year contract, yet, whatever relief, if any, appellant is entitled to for that reason does not entitle it, under the express terms of this contract, to a further discount in rates. Before the appellant is entitled, under the terms of this contract, to have the amount of his bill reduced, appellant must be able to show that a lower schedule of rates has been filed, and no such showing has been made.

Both sides have presented and argued the validity of the contract dated October 1, 1923, but, this being nothing but a suit to recover for electric current sold and delivered, and the amount not being in dispute, and it appearing to us that, if the contract is valid, respondent is still entitled to recover the full amount

allowed by the trial court, and, on the other hand, it appearing that, if the contract be held invalid, by reason of the schedule of rates on file with the department of public works, respondent would still be entitled to recover the full amount allowed, it is not necessary for us to decide the question of the validity or invalidity of the contract. If, because of the 1925 tariff filed with the department, appellant is entitled to any relief, that must be determined in an appropriate proceeding brought for that purpose. This being a suit to recover for electric current sold and delivered, it is not necessary to determine the question of the validity of the contract in this action, and the judgment of the trial court is therefore affirmed.

MITCHELL, C. J., FULLERTON, MAIN, and HOLCOMB, JJ., concur.